**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 13-4338**

---

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

      v.

JOEL DEVON ARTIS,

              Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Dever III, Chief District Judge. (5:12-cr-00342-D-1)

---

Submitted: January 27, 2014      Decided: February 12, 2014

---

Before DAVIS, KEENAN, and WYNN, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

C. Scott Holmes, BROCK, PAYNE & MEECE, P.A., Durham, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joel Devon Artis appeals the thirty-six-month sentence imposed after he pled guilty, pursuant to a plea agreement, to one count of possession with intent to distribute a quantity of marijuana, cocaine, heroin, Benzylpiperazine (BZP), Trifluoromethylphenylpiperazine (MDPPP), and Methylenediozpyrovalerone (MDPV), in violation of 21 U.S.C. § 841(a)(1) (2012). On appeal, Artis argues that the district court erred in upwardly departing pursuant to U.S. Sentencing Guidelines Manual (USSG) § 4A1.3 (2012). Specifically, Artis argues that the court engaged in impermissible double counting when the conduct that served as the basis for the departure was also used to impose a three-level enhancement pursuant to USSG § 3C1.3 because he committed the offense while on release pending sentencing in another case. We affirm.

This court reviews a sentence for procedural and substantive reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). The same standard applies whether the sentence is "inside, just outside, or significantly outside the Guidelines range." United States v. Rivera-Santana, 668 F.3d 95, 100-01 (4th Cir.) (internal citation and quotation marks omitted), cert. denied, 133 S. Ct. 274 (2012). In evaluating procedural reasonableness, this court considers whether the district court properly

2

calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, selected a sentence supported by the record, and sufficiently explained the selected sentence.  Gall, 552 U.S. at 49-51.

In reviewing any sentence outside the Guidelines range, the appellate court must give due deference to the sentencing court's decision because it has "flexibility in fashioning a sentence outside of the Guidelines range," and need only "set forth enough to satisfy the appellate court that it has considered the parties' arguments and has a reasoned basis" for its decision.  United States v. Diosdado-Star, 630 F.3d 359, 364 (4th Cir. 2011).  If the sentence is free of procedural error, the court reviews it for substantive reasonableness, taking into account the totality of the circumstances.  Gall, 552 U.S. at 51.

Section 4A1.3 authorizes an upward departure when "reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes."  USSG § 4A1.3(a)(1), p.s. The types of information that may support an upward departure include "[w]hether the defendant was pending trial or sentencing

on another charge at the time of the instant offense." USSG § 4A1.3(a)(2)(D).

"Double counting occurs when a provision of the Guidelines is applied to increase punishment on the basis of a consideration that has been accounted for by application of another Guideline provision or by application of a statute." United States v. Reevey, 364 F.3d 151, 158 (4th Cir. 2004). "[T]here is a presumption that double counting is proper where not expressly prohibited by the guidelines." United States v. Hampton, 628 F.3d 654, 664 (4th Cir. 2010). Section 4A1.3 contains no language addressing, much less prohibiting, double counting. See United States v. Rivera-Santana, 668 F.3d 95, 102 (4th Cir. 2012) (rejecting argument that district court impermissibly triple counted in departing under USSG § 4A1.3 because that section does not prohibit double or triple counting). We conclude that the district court did not engage in impermissible double counting and Artis's arguments are without merit.

Accordingly, we affirm Artis's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4